UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DUSHAN COBB,

    Plaintiff,

v.                                              Case No. 3:19cv4944-MCR-HTC

CARDIOLOGY CONSULTANTS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an amended complaint in this action on January 24, 2020. ECF Doc. 5. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, the undersigned respectfully recommends that the amended complaint be DISMISSED without prejudice for lack of subject-matter jurisdiction.

**I.    PROCEDURAL BACKGROUND**

Plaintiff initiated this action on December 16, 2019 by filing a civil complaint alleging claims of negligence against four (4) entities and up to three hundred (300) Doe defendants. ECF Doc. 1. Upon review of the initial complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court found it to be deficient because it failed to (1)

demonstrate federal jurisdiction and (2) state a claim against any of the Doe Defendants Plaintiff purported to sue. Thus, on December 26, 2019, the Court gave Plaintiff an opportunity to file an amended complaint curing these deficiencies. *See* ECF Doc. 4. On January 24, 2020, Plaintiff filed her first amended complaint (ECF Doc. 5), which is now before this Court.

## II. THE AMENDED COMPLAINT

Plaintiff's amended complaint names six (6) identifiable defendants (Baptist Hospital, United Health Care, Optum, The Doctors Company, Dr. William Pickens, and Cardiology Consultants) and up to three hundred (300) Doe defendants (John and Jane Does 1 through 100, John Doe Corporations 1 through 100, and John Doe Entities 1 through 100). *Id.* at 1, 3. The amended complaint sets forth the factual allegations that follow.[1]

In April of 2012, Defendant Dr. William Pickens performed a "Heart Cath" on Plaintiff. ECF Doc. 5 at 9-10. On February 1, 2018, after receiving a medical payment summary statement from Defendants United Health Care and Optum (a subsidiary of United Health Care), Plaintiff learned that a "foreign body" was accidentally left inside her body following the Heart Cath. *Id.* After learning this,

---

[1] The factual allegations set forth in Plaintiff's amended complaint are virtually identical to those set forth in Plaintiff's initial complaint. Thus, although Plaintiff was directed to either state a claim against the named Doe defendants or omit them from her amended complaint, *see* ECF Doc. 4, Plaintiff failed to do either.

Case No. 3:19cv4944-MCR-HTC

on April 9, 2018, Plaintiff sent letters via certified mail to Defendants Baptist Hospital and Cardiology Consultants notifying them of what had occurred and "trying to resolve the issues." *Id.* at 10. Plaintiff also "requested for a team a [sic] doctors to explain to [her] and [her] family what had occurred upon [her] body." *Id.*

Sometime after Baptist Hospital and Cardiology Consultants failed to respond to her letters, Plaintiff called Baptist Hospital and spoke with Nicole Tatum in Risk Management. After speaking with Plaintiff, Ms. Tatum told her she would turn her information over to Defendant The Doctors Company, a medical malpractice insurer. She also told her, "[d]iscovery is something else." *Id.* at 10.

On April 30, 2018, Plaintiff received a letter from Erin Humphries, a claims specialist for The Doctors Company, denying her request(s).[2] The letter stated that an investigation had been conducted regarding the matter, and it cited Florida Statute 766 as part of the denial. Following receipt of the denial, Plaintiff spoke with the Insurance Commissioner's Office in Tallahassee, Florida, where she was informed that the denial and use of a statute by a non-legal representative was not proper, and that she was being treated improperly because she did not have a lawyer.

---

[2] Plaintiff indicates that she made multiple requests in her April 9 letters, but she does not state what each of those requests entailed. She states simply, "[o]ne of my requests was for them to get a team of doctors together and explain to me and my family what had occurred upon my body[.]" ECF Doc. 5 at 11.

Case No. 3:19cv4944-MCR-HTC

Based on the foregoing, Plaintiff alleges the identified Defendants, as well as John and Jane Does not yet known to her, were negligent or medically negligent. As relief, she seeks at least $1,000,000 from all doctors involved; at least $50,000,000 from Cardiology Consultants; and at least $150,000,000 each from Baptist Hospital, United Health Care, and Optum.

## III. ANALYSIS

### A. Lack Of Jurisdiction

"[A] federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits." *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400-01 (11th Cir. 2000); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997) ("The Court sua sponte may raise a jurisdiction defect at any time."). If at any time the court determines that it lacks subject matter jurisdiction, the court *must* dismiss the action without prejudice. *See* Fed. R. Civ. P. 12(h)(3); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008).

As the Court told Plaintiff in its December 26 amend order, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by the Constitution and by statute. *Id.* (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986)). Generally,

district courts have subject-matter jurisdiction over only two (2) types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkoken*, 511 U.S. at 377 (citations omitted). Plaintiff's amended complaint does not contain a basis for federal jurisdiction.

1. Federal Question Jurisdiction

A "federal question" case arises under the United States Constitution or federal laws or treaties. *See* 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for the purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). Under the "well-pleaded-complaint" rule, "[a] suit arises under the Constitution and laws of the United States *only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution*." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (emphasis added). Thus, for federal question jurisdiction to exist, a plaintiff's complaint must "claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946).

In addition, Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."

Fed. R. Civ. P. 8(a)(1). A court may find a basis for federal question jurisdiction even if a complaint lacks such a jurisdictional statement, so long as the complaint makes "references to federal law sufficient to permit the court to find § 1331 jurisdiction." *Miccosukee Tribe of Indians v. Kraus–Anderson Constr. Co.*, 607 F.3d 1268, 1275–76 (11th Cir. 2010) ("Rule 8(a)(1) is satisfied if the complaint says enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear."). However, where a complaint is "devoid of a single citation to a Constitutional provision, a federal statute, or a recognized theory of common law as the basis for the allegation that the [plaintiff's] cause of action arises under federal law," the allegations are insufficient to establish jurisdiction under § 1331. *See id.* at 1276.

Plaintiff has failed to meet her burden of establishing federal question jurisdiction. Plaintiff's amended complaint, like the initial complaint, contains no reference to federal law and no allegations which demonstrate a cause of action arising under the Constitution or federal laws or treaties.[3] Instead, Plaintiff alleges only state law claims of negligence and medical negligence. Indeed, the only statute referenced in Plaintiff's complaint is Florida Statute 766, which is a state tort statute

---

[3] In the "STATEMENT OF CLAIMS" section of Plaintiff's amended complaint, which invites Plaintiff to state what rights under the Constitution, laws, or treaties of the United States have been violated, Plaintiff simply states, "We the people of the United States, in order to form a more perfect union, establish justice, insure domestic tranquility, provide for the common defense, promote the general welfare, and secure the blessing of liberty to ourselves and our posterity." ECF Doc. 5 at 6.

regarding medical malpractice and related matters. *See* Fla. St. 766. Thus, Plaintiff has provided no basis from which the Court can determine that it has federal question jurisdiction over Plaintiff's claims.

    2.    <u>Diversity Jurisdiction</u>

Federal courts also have subject-matter jurisdiction over civil actions in which: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A person's place of citizenship, or domicile, is "the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). A corporation, on the other hand, is a citizen of every State in which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff seeks millions of dollars in damages in this action, and she has therefore made a showing that the matter in controversy exceeds $75,000. However, she has failed to demonstrate diversity jurisdiction because she appears to share citizenship with at least one (1) and potentially all her named Defendants. Plaintiff

has provided the Court with her address, which indicates that she lives in Cantonment, Florida. ECF Doc. 5 at 2. She has made no showing that her Florida address is unfixed, impermanent, or not her principal establishment. As such, she appears to be domiciled in, and a citizen of, Florida.

At least one (1) of Plaintiff's Defendants also appears to be a citizen of Florida. Dr. William Pickens was employed in Pensacola, Florida, *see* ECF Doc. 5 at 3, and it appears he worked there since at least 2012 when he performed Plaintiff's Heart Cath. *See id.* at 9-10. Because Dr. Pickens maintained long-term employment in Florida, the undersigned presumes that he permanently resides in Florida and is therefore a citizen of Florida, as Plaintiff has provided no evidence to the contrary.

Moreover, Cardiology Consultants and Baptist Hospital are located in, and may very well be citizens of, Pensacola, Florida. The Court gave Plaintiff an opportunity to demonstrate diversity of citizenship from these Defendants, but Plaintiff failed to do so. Thus, because it is to be presumed that a cause lies outside the Court's jurisdiction absent some evidence to the contrary proffered by the party asserting jurisdiction, *see Kokkoken*, 511 U.S. at 377, and because Plaintiff has failed to offer *any* evidence of diversity of citizenship, Plaintiff has failed to meet her burden of establishing diversity jurisdiction.

Case No. 3:19cv4944-MCR-HTC

## IV. CONCLUSION

In its December 26 amend order, the Court directed Plaintiff to complete a copy of this Court's civil complaint form for *pro se* litigants, specifically the section entitled "BASIS FOR JURISDICTION[.]"  ECF Doc. 4 at 2.  The Court also told Plaintiff that, if she did not believe there was a basis for federal jurisdiction in this action, she should file a notice of voluntary dismissal.  However, Plaintiff did not file a notice of voluntary dismissal, and she left the "BASIS FOR JURISDICTION" section of her amended complaint blank.  ECF Doc. 5 at 3-4.  Since the Court has already given Plaintiff an opportunity to state facts from which the Court could infer that it has jurisdiction over this matter, and Plaintiff has failed to even attempt to do so, the undersigned finds that an additional opportunity to amend would be futile.

Accordingly, it is RECOMMENDED that:

1. Plaintiff's amended complaint (ECF Doc. 5) be DISMISSED without prejudice for lack of subject-matter jurisdiction.

2. The clerk be directed to close the file.

At Pensacola, Florida this 12th day of February, 2020.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.